### BARNARD v. PRESS PUB. CO.

(*Supreme Court, General Term, Fourth Department.* February, 1892.)

LIBEL—COMPLAINT—STRIKING OUT INNUENDO.

　　Where the language of an alleged libel was ambiguous, the trial court properly refused to strike from the complaint the innuendoes averring the meaning which plaintiff claimed should be attached to the words complained of.

Appeal from special term, Chemung county.

Action by David C. Barnard against the Press Publishing Company for an alleged libel. From an order entered at special term denying defendant's motion to strike out the innuendoes contained in the complaint, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*J. M. Keatings*, for appellant. *John R. Joslyn*, for respondent.

MARTIN, J. The only question on this appeal is whether the special term erred in not striking from the complaint the innuendoes averring the meaning which the plaintiff claims should be attached to the words alleged to have been published by the appellant. Whenever a defendant's words are capable both of a harmless and injurious meaning, it will be a question for the jury to decide which meaning the hearers or readers would on the occasion have reasonably given to the words, and an innuendo is essential to show the latent, injurious meaning. Odgers, Sland. & L. marg. p. 112. "If the words are capable of the meaning ascribed to them, however improbable it may appear that such was the meaning conveyed, it is properly the province of the jury to say whether they were in fact so understood." Newell, Defam. p. 619; *Woodruff* v. *Bradstreet Co.*, 116 N. Y. 220, 22 N. E. Rep. 354. The defendant is in no way embarrassed by the presence of the innuendoes in the complaint; in fact, it is an advantage to him. He can deny that he spoke the words, or he can admit that he spoke them, but deny that they convey that meaning. Newell, Defam. p. 628. In this case the words alleged were perhaps somewhat ambiguous in their import, or may permit of more than one interpretation, and, if used in a particular sense, may be defamatory. The question whether they were used in that sense would be for a jury, and innuendoes were proper to state the sense in which they were claimed to have been used. We find no error in the order appealed from requiring a reversal. Order affirmed, with $10 costs and disbursements.

HARDIN, P. J., concurred.

MERWIN, J. I think that the order should be affirmed.