## LAPHAM v. NOBLE.

### (Circuit Court, S. D. New York. February 6, 1893.)

LIBEL—WHAT CONSTITUTES—WORDS TENDING TO INJURE BUSINESS.

A circular letter of and concerning an agent and broker for government supply contractors, composed, published, and sent by the secretary of the interior to intending bidders for such supply contracts, and stating that "any interference on the part of W. R. L., [plaintiff,] a former chief of the stationery and printing division, with the business in any way, will not be to the interest of any person or firm represented," is capable of a libelous interpretation, and a complaint which properly pleads the same is good as against a demurrer.

At Law. Action by W. R. Lapham against John W. Noble for libel. Defendant demurs to the complaint. Overruled.

Edward M. Groat, for plaintiff.
Myers & Anable, for defendant.

WALLACE, Circuit Judge. The defendant's demurrer raises the question whether the complaint states facts sufficient to constitute a cause of action. The action is to recover damages for the publication of a circular letter concerning the plaintiff, upon the theory that it was a libel. The complaint alleges that at the time of publication the defendant was, and for some time prior thereto had been, the secretary of the department of the interior of the United States; that for many years prior to December 15, 1891, the plaintiff had been an employe in the stationery and printing division of said department, and for some time had been chief of such division; that on December 15, 1891, the plaintiff resigned his position, and entered upon, and has since continued in, the business of a government contractor for supplying the various departments of the government at Washington with stationery and office supplies, and also in that of an agent or broker for others in that business, employed by them to arrange their bids, and negotiate and procure the acceptance of the same. The complaint further alleges that on March 28, 1892, while the plaintiff was still prosecuting his said business, the defendant composed, of and concerning the plaintiff and his business, a circular, and, with the intent of injuring the plaintiff in his business, caused it to be sent to all persons who were, or had been, or were likely to be, bidders for government contracts for supplies for the use of the several departments. The circular is as follows:

"Department of the Interior, Washington, March 28, 1892.

"Sir: In order that there may be no misapprehension on the part of persons intending to submit bids for furnishing envelopes and stationery for the use of this department during the ensuing year, you are informed that any interference on the part of Mr. W. R. Lapham, a former chief of the stationery and printing division, with the business in any way, will not be to the interest of any person or firm represented.

"Respectfully,                    John W. Noble, Secretary."

The complaint alleges that the defendant meant by the word "interference" in the circular to say falsely that the plaintiff, by the prosecution of his business, was meddling with matters which

were not of his concern; and by the words, "any interference
* * * will not be to the interest of any person or firm repre-
sented," the defendant meant to say falsely that the plaintiff was
incompetent in his business, and his services to intending bidders
would be and were of no value; and that by said circular the
defendant falsely gave those to whom it was sent to understand
that the plaintiff had been an incompetent and untrustworthy
government official, and that the defendant had reason to distrust
him. The complaint also alleges that special damage was sustained
by the plaintiff by reason of the publication of the circular, and
sufficiently sets forth the facts constituting the special damage.

There is no statutory law and no principle of the common law which
prohibits the plaintiff from pursuing the business in which he was
engaged. The fact that he had shortly before been an employe
of the government, and in that position had acquired peculiar in-
formation of the wants of the departments, their modes of conduct-
ing business, and of the most advantageous way of preparing bids
and presenting proposals for furnishing supplies, did not militate
against his right to act as an agent or broker for others in their
dealings with the department. There was no impropriety in his
doing so, provided he did not assume to enjoy some illegitimate
advantages by reason of his former position. There is no merit in
the point that the plaintiff's business was not a lawful one, and
that he therefore cannot maintain an action for defamation in respect
to it.

Any publication concerning an individual which tends to preju-
dice him in his employment is a libel. The circular is capable of
a meaning which brings it within this definition. As the complaint
alleges, it may be read as intending to state that the plaintiff's
services would be of no value to persons proposing to employ him.
It is capable of a much more vicious meaning. In the light of the
circumstances under which it was sent, it may be read not only as
an imputation of the plaintiff's incompetency as a broker, but also
as an intimation that his employment would be regarded by the
department of the interior as an intermeddling and an officious
interference therewith. One meaning of "interference" is "inter-
meddling." The circular implies quite definitely that persons hav-
ing business to do with the department will consult their interests
by not employing the plaintiff.

When words spoken or published are ambiguous in their import,
or may permit in their application more than one interpretation,
and in some sense may be defamatory, the question whether they
are such is for the jury. Lewis v. Chapman, 16 N. Y. 369; Sander-
son v. Caldwell, 45 N. Y. 398; Woodruff v. Bradstreet Co., 116 N.
Y. 217, 22 N. E. Rep. 354; Williams v. Smith, 22 Q. B. Div. 134.

The demurrer is overruled, with costs.