(14 Misc. Rep. 415.)

### SHEA v. SUN PRINTING & PUBLISHING ASS'N.

(Common Pleas of New York City and County, Special Term.   October, 1895.)

LIBEL—WHAT WORDS ARE LIBELOUS—QUESTION FOR JURY.
   A complaint for libel, in stating that plaintiff, a married woman, was "living" with a man other than her husband, is not demurrable on the ground that such use of the word "living" did not impute to her any improper conduct, but that question is for the jury.

Action by Margaret Shea against the Sun Printing & Publishing Association for libel. Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Overruled.

Duncan Edwards, for plaintiff.

Franklin Bartlett, for defendant.

GIEGERICH, J.   The article complained of as containing a libel, so far as it is material, is as follows (the italicized portions being headlines in the article as published):

"*Persecuted by Dr. Bell.   Edward J. Shea is Said to be the Victim of the Man Who Lives with His Wife.*   Edward J. Shea, who was committed to Ludlow Street Jail on October 30th for defaulting in alimony, was brought before Judge Andrews to-day in supreme court, chambers, on a writ of habeas corpus obtained by his counsel, Frederick Keller, on Friday.   Mr. Keller has secured two affidavits from Mrs. Annie Pierce and Mrs. Mary McNally, tending to show that Shea has been persecuted through Dr. Bell, of 160 West Eighty-Third street, with whom Mrs. Margaret Shea, the plaintiff's wife in this action, is now living."

A libel is defined to be:

"A malicious publication by writing, printing, picture, effigy, sign, or otherwise than by mere speech; which exposes any living person, or the memory of any person deceased, to hatred, contempt, ridicule or obloquy, or which causes, or tends to cause, any person to be shunned or avoided, or which has a tendency to injure any person, corporation or association of persons, in his or their business or occupation."   Pen. Code, § 242; Turton v. New York Recorder, 3 Misc. Rep. 314, 317, 22 N. Y. Supp. 766.

Judge Pryor, in speaking for this court in Witchers v. Jones (Com. Pl.) 17 N. Y. Supp. 493, says:

"By all authorities, any unprivileged publication of which the necessary tendency is to expose a man to hatred, contempt, or ridicule is a libel."

Language is libelous which tends to degrade a person in society. 13 Am. & Eng. Enc. Law, p. 295.   Is it libelous to write of a mar-

ried woman that she is living with a man not her husband? The demurrant contends that this statement in the above article has a perfectly harmless meaning. It is possible to ring the changes upon the many meanings of the .word "live." The inquiry, however, is not whether the words could have been understood in any other way than as imputing a disgraceful charge to the plaintiff, but whether that is the construction which common people naturally put upon them (Ryckman v. Delavan, 25 Wend. 186, 201; Byrnes v. Mathews, 12 N. Y. St. Rep. 74, 79, 80), and this question is for the jury. "If the application or meaning of the words is ambiguous, or the sense in which they were used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine, upon all the circumstances, whether they were applied to the plaintiff, and in what sense they were used." Per Andrews, J., in Sanderson v. Caldwell, 45 N. Y. 401. The cases of Ryckman v. Delavan, supra; Patch v. Tribune Ass'n, 38 Hun, 368, 369; and Woodruff v. Bradstreet Co., 116 N. Y. 217, 220, 22 N. E. 354,—are to the same effect. The innuendo, if any is necessary, is, in my opinion, sufficient. For these reasons the demurrer should be overruled, and there should be judgment for the plaintiff overruling the demurrer, with costs, with leave to the defendant to answer within 20 days upon payment of costs.