ject are merely his conclusions of law 'upon facts not before the court. The court is entitled to judge for itself whether the service was made "within the jurisdiction of the city court," and whether the latter court "duly acquired jurisdiction of the subject-matter of the action and of the person of the judgment debtor." The mere assertions of the affiant with respect to jurisdiction afford no possible basis for such judicial action. It is especially important in this case that the facts with respect to the service of the summons should have been set forth. The judgment debtor is a foreign corporation. Section 432, Code Civ. Proc., contains most elaborate specifications with respect to the manner of service of the summons upon a foreign corporation, mentioning the various officers to whom a copy of the summons may be delivered, and the conditions under which such delivery must be made to one rather than to another. It was incumbent upon the moving party here to show by a proper statement of the facts that the corporation was properly served with the summons, within the terms of the above-cited section. This he has utterly failed to do, and the defect is fatal to his motion. The counsel for the junior lienor, in attacking the papers on which the warrant was issued, has cited a large number of authorities holding that the strictest proof is essential to justify the granting of an attachment, and that evidentiary facts, and not mere conclusions, must be presented. The same rule is applicable to the moving papers of a junior lienor seeking to vacate an attachment. He must show by strict proof that he has acquired a valid lien upon the property before he can avail himself of the right, which is purely statutory, to make such a motion as this. It follows from what has been said that the motion must be denied, with $10 costs. As I have not passed on the question of the validity of the warrant of attachment, and as doubtless the moving party can remedy the defects in his papers which I have pointed out, leave will be given him to renew upon proper papers, on payment of the above costs.

Motion denied, with $10 costs, with leave to renew upon payment of costs.

(49 App. Div. 35.)

### WILLMANN v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Second Department.  March 27, 1900.)

1. LIBEL—PUBLISHING CRIMINAL PROCEEDINGS—INSTRUCTIONS.

Where an article purporting to report a criminal proceeding states that it was based on a postal card accusing plaintiff of being a scoundrel, and the word "scoundrel" was not on the card, but its language was tantamount to an accusation that plaintiff was a scoundrel, in an action for libel it is error to instruct that, because the word "scoundrel" did not appear in the card, the publication was not a true report of the proceedings, and libelous.

2. SAME—QUESTIONS FOR JURY.

Where a libel, founded on the publication of a report of a criminal proceeding, states that such proceeding was based on a postal card accusing plaintiff of being a scoundrel, and such card did not contain the word "scoundrel," it is for the jury whether the publication was substantially a true report, and whether the effect of the words on the card was to charge plaintiff with being a scoundrel.

Appeal from trial term.

Action by Oscar P. Willmann against the Press Publishing Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, it appeals. Transferred from First to Second department. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John M. Bowers, for appellant.

Hugo Wintner (Frederick Beltz, on the brief), for respondent.

GOODRICH, P. J. The action was brought against the defendant, as publisher of the World, to recover damages for libel. The plaintiff recovered a verdict of $1,000, and the defendant appeals from the judgment entered thereon.

The plaintiff, who is a lawyer, made a complaint before Police Justice Hogan, and procured the arrest of one Griebel for sending through the mails a very vulgar and scurrilous message on a postal card addressed to him at his residence. This card was annexed to, and formed part of, the criminal complaint, and reads:

"You sucker, why don't you come and see me? You are afraid of me. You and your bitch woman dare not do it. Jail is a good place for you and your woman, you sucker."

The defendant, in an article purporting to report the proceedings in the police court, used these words:

"The warrant charged Griebel with libel, based on a postal card he wrote to Miss ———, accusing Willmann of being a scoundrel."

The article did not contain a copy of the postal card, which the defendant might legally have published, as a part of the criminal proceedings in the police court. At the close of all the evidence the court denied a motion to dismiss the complaint.

The court, in charging the jury, said:

"In so far as the article, however, contains a defamatory characterization of the plaintiff outside of that judicial proceeding, the defendant cannot claim exemption, but is put to its proof, either to justify the publication, or to show facts in mitigation of the plaintiff's damage. Under the circumstances of this case, I instruct you that the use of the word 'scoundrel' in that article is libelous. While a card was written by Griebel, no such word as 'scoundrel,' or synonymous word, appeared on it, or on any postal card introduced in evidence; and to that extent, therefore, the article was not a just and true report of the proceedings, and hence you must accept it as libelous."

The court refused to charge the following requests:

"That, if you find the article is substantially a true report of public and official proceedings, you must find a verdict for the defendant; there being no evidence in the case that the defendant was actuated by express malice in publishing the article complained of. If you find that the effect of the words set forth in the postal card complained of by Willmann was to charge him with being a scoundrel, and if you find that this postal card was the basis of the proceedings instituted by Willmann, then you must find a verdict for the defendant."

The defendant excepted to both rulings.

Upon the complaint, the limitation in the charge, and the refusal to charge, it is evident that the theory of the complaint and of the

trial was that the libel consisted only of the statement that the postal card charged the plaintiff with being a scoundrel. Section 1907 of the Code of Civil Procedure provides that an action, civil or criminal, cannot be maintained against the proprietor of a newspaper for the publication therein of a fair and true report of any judicial proceeding, without proof of actual malice in making the report; but section 1908 provides that this does not apply to any matter added by a person concerned in the publication, or in the report of a thing said or done at the time and place of the proceedings, which was not a part thereof. There is no question that it is the province and duty of the court, where an article is free from ambiguity, to charge whether or not it is libelous. Townsh. Sland. & L., § 286; Woodruff v. Bradstreet Co., 116 N. Y. 217, 22 N. E. 354, 5 L. R. A. 555. In Hunt v. Bennett, 19 N. Y. 173, the court, referring to English authorities, said (page 177):

"I cannot concur, however, in the idea they seem to establish,—that the judge may or may not, as he pleases, charge a jury as to whether a publication is libelous, especially if it be free from ambiguity. The rule is so well settled that it has become a maxim, that 'it is the office of a judge to instruct the jury in points of law.' That office he should perform whenever a legal proposition arises."

Such a condition seems to have arisen in the case at bar. It was a question of construction,—whether the language of the postal card could be interpreted as "accusing the plaintiff of being a scoundrel." It is true that the word "scoundrel" was not used on the card, but the language thereon stated facts which were tantamount to an accusation that the plaintiff was a scoundrel. In this view, it was error for the court to refuse to dismiss the complaint, and to charge, as he did, that, because the word "scoundrel" did not appear on the postal card, its use was not a true report of the proceedings. Even if this view be incorrect, it was error for the court to refuse to charge the quoted requests of the defendant, and thus submit to the jury the questions whether the article was substantially a true report, and whether the effect of the words of the postal card was to charge the plaintiff with being a scoundrel. So, whether we consider the cited charge of the court or its refusals to charge, there was error for which the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except BARTLETT, J., who takes no part.