James H. Dahm, Plaintiff, *v.* John S. O'Connell, Defendant.

(Supreme Court, Kings Special Term, September, 1916.)

Pleading — denial of motion for judgment on the pleadings — in action for slander — demurrer.

The complaint in an action for slander alleged that at a meeting of an organization of which the plaintiff and defendant are members, the defendant, in the presence and hearing of divers persons, and with intent to cause it to be believed, maliciously spoke to, of and concerning the plaintiff the following false and defamatory words: "I will not allow Mr. Dahm (meaning the plaintiff), or any other members of the union to look up or get any member's record so that he, Dahm (meaning the plaintiff) could blackmail said member;" that the defendant thereby intended to charge and injure the plaintiff in his good name and character and bring him into public scandal, and that the "said false and defamatory words were uttered by the said defendant maliciously and falsely so to be understood by the persons in whose presence and hearing they were spoken that the plaintiff herein was a blackmailer;" and that by reason of the uttering of said words plaintiff has been injured and damaged "in his good name, character and in business in the sum of ten thousand ($10,000) dollars."

Held, on denying plaintiff's motion for judgment on the pleadings, after demurrer, that an innuendo that the words impute the crime of blackmail was not warranted by the language used; that at best the utterance may be said to impute an intention or purpose to commit a crime and was not actionable, and that the demurrer should be sustained.

MOTION by plaintiff for judgment on the pleadings. Defendant demurred to the complaint as not stating a cause of action. The action is for slander. The complaint alleges that at a meeting of an organization of which the plaintiff and defendant are members, the defendant, in the presence and hearing of divers persons, and with intent to cause it to be believed, maliciously spoke to, of and concerning the plaintiff the following false and defamatory words: "I will not allow Mr. Dahm (meaning the plaintiff), or any other members of the union to look up or get any member's record so that he, Dahm (meaning the plaintiff) could blackmail said member;" that the defendant thereby intended to charge and injure the plaintiff in his good name and character and bring him into public scandal, and that the "said false and defamatory words were uttered by the said defendant maliciously and falsely so to be understood by the persons in whose presence and hearing they were spoken that the plaintiff herein was a blackmailer;" and that by reason of the uttering of said words plaintiff has been injured and damaged "in his good name, character and in business in the sum of ten thousand ($10,000) dollars."

Daniel J. McParland, for plaintiff and motion.

Alfred J. Talley, for defendant, demurrant, opposed.

KAPPER, J.  Courts affix to words alleged as slanderous their ordinary meaning; consequently when words claimed to import the commission of a crime are set forth as having been spoken by the defendant of the plaintiff, the first question is, whether they impute a charge of crime. If they do, an innuendo, undertaking to state the same in other words, is use-

less and superfluous; and, if they do not, an innuendo cannot aid the averment, as it is a clear rule of law that an innuendo cannot introduce a meaning to the words broader that that which the words naturally bear. *Pollard* v. *Lyon,* 91 U. S. 233. Innuendoes in a complaint cannot give the language of an alleged libelous publication a broader application, because it is not the office of an innuendo to graft a meaning upon or to enlarge the matter set forth but to explain the application of the words used. *O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352; *Gallup* v. *Belmont,* 16 N. Y. Supp. 483; *Woodruff* v. *Bradstreet Co.,* 116 N. Y. 221. There can be no question regarding the meaning of the words here alleged to have been uttered. They plainly state that neither the plaintiff nor any other member of the organization to which the parties belong would be allowed by the defendant to obtain the record of members so as to thereby enable the plaintiff to blackmail such member. The words plainly do not import the commission of crime. Actionable words are doubtless such as naturally imply damage to the party; but it must be borne in mind that there is a marked distinction between slander and libel, and that many things are actionable when written or printed and published which would not be actionable if merely spoken, without averring and proving special damage. *Pollard* v. *Lyon, supra.* According to the classification set forth by the Court of Appeals, slanderous words are those which (1) import a charge of some punishable crime; or (2) impute some offensive disease which would tend to deprive a person of society; or (3) which tend to injure a party in his trade, occupation, or business; or (4) which have produced some special damage. *Moore* v. *Francis,* 121 N. Y. 203. To this enumeration should now be added the imputation of unchastity to a woman which by statute is slander

*per se.* Code Civ. Pro. § 1906. The plaintiff's innuendo is that the words import the crime of blackmail, and thus come within the first of the foregoing classifications, but the innuendo is not warranted by the language used. At best, the utterance may be said to impute an intention or purpose to commit a crime. The mere intent to commit a crime, without an attempt by some overt act, is no offense, and a leading authority on the subject (Odgers Lib. & Slan. 139) says that, '' spoken words which merely impute a criminal intention or design are not actionable, if no criminal act be directly or indirectly alleged.'' The authorities are numerous that to charge a person with intent to commit a crime or of having merely a purpose to commit a crime is not actionable. See *Fanning* v. *Chase,* 13 L. R. A. 134, and cases cited in note on p. 135. See, also, *Weed* v. *Bibbins,* 32 Barb. 320. Plaintiff's reliance upon his claim of damage generally by reason of the *per se* character of the alleged slander, and without allegation of special damage, is unfounded in law, and the motion for judgment on the pleadings must be denied and the demurrer sustained with ten dollars costs.

Ordered accordingly.