SHEPPARD v. DUN & BRADSTREET, Inc.

District Court, S. D. New York.
May 6, 1947.

Shereff Brothers, of New York City (Harry Shereff, of New York City, of counsel), for plaintiffs.

White & Case, of New York City (Chester Bordeau, of New York City, of counsel), for defendant.

CONGER, District Judge.

Motion by defendant to dismiss the complaint herein for insufficiency in law.

Plaintiff's suit against defendant is for libel.

Defendant is in the credit reporting business and publishes credit reports in response to inquiries.

On or about August 28, 1946 defendant published a credit report about Town and Country Supply Co., Inc., plaintiff's employer. In said report defendant published the following of and concerning the plaintiff: "Sheppard at the time of selling the business to Bergeles and Steding agreed to pay up some $6,000 obligations owing to the trade and within a period of three months which he failed to do and was sued in consequence."

Plaintiff is not in business now but is employed by the Town and Country Supply Co., Inc., which is engaged in the hardware business.

Plaintiff in his complaint alleges no special damage. The sole question before me is whether or not the publication complained of is libelous per se. If it is not the complaint must be dismissed.

The issue must be resolved in accordance with the law of the State of New York.

The general rule defining a libel per se is well settled. The highest Court in the State has on many occasions set forth the rule to be followed. Bennet v. Commercial Advertisers Ass'n, 230 N.Y. 125, 129 N.E. 343; Triggs v. Sun Printing & Pub. Ass'n, 179 N.Y. 144, 71 N.E. 739, 66 L.R.A. 612, 103 Am.St.Rep. 841, 1 Ann.Cas. 326; Sydney v. MacFadden Newspaper Pub. Corp., 242 N.Y. 208, 151 N.E. 209, 44 A.L.R. 1419.

The great difficulty here is to measure the complained of publication with the general rule and announce the result with any degree of certainty. It is a close question.

As far as New York law is concerned, defendant relies upon Woodruff v. Bradstreet Co., 116 N.Y. 217, 22 N.E. 354, 5 L.R.A. 555. As I see it, that case does not cover the situation.

The alleged libel complained of in that case was the publication of a notice that a judgment had been taken against the plaintiff. Nothing else. The Court held that this publication was not libelous per se.

The rationale of the Court's opinion is contained in the following paragraph from the opinion. "The recovery of a judgment does not necessarily import conceded default in payment of a debt. It is a matter of frequent observation that controversies, arising apparently out of an honest difference of opinion, go into the courts for determination. Litigation also not unfrequently comes from causes in which is involved no personal credit or default. There is nothing in the defendant's report to indicate that the judgment was produced by any cause prejudicial to the credit of the plaintiff, and there is no presumption in that respect upon the subject in aid of the action." 116 N.Y. 222, 22 N.E. 355. I believe we have a different situation here.

This publication may be divided into three parts. It charges plaintiff with [a] having made an agreement to pay to the Trade $6,000 owed by him within a certain time, [b] a failure on his part to keep his agreement, to make good his promise, to keep his word with the Trade, and [c] suit because of such failures.

Certainly we have here a charged "default in payment of a debt."

It seems to me that this publication may very well be measured by the language of the Court in Neaton v. Lewis Apparel Stores, 267 App.Div. 728, 48 N.Y.S.2d 492, 495: "To publish of one that he is unwilling or refuses to pay his debts conveys the implication intended to be conveyed that the debtor is unworthy of credit. The effect of such a publication would impair the standing of an individual and bring him into disrepute with right thinking people in a community."

Motion denied. Settle order on notice.