## BUCK *versus* HERSEY.

Of slanderous words.

To charge one with drunkenness, is not of itself actionable, for the law does not inflict upon that offence an infamous punishment.

Words, not in themselves actionable, may become so when spoken in relation to the plaintiff's employment or business.    But, to make them so, the declaration must allege them to have been *so spoken*, when no special damage is proved or alleged.

ON EXCEPTIONS.    Slander.

Plaintiff alleges himself to be "*an able, respected and accomplished public teacher of the polite art or accomplishment of dancing.*" Yet defendant, well knowing, &c., and intending to defame and injure the plaintiff in his good name, "*and in his said art or occupation as a public, able and faithful dancing master*, did falsely and maliciously accuse the plain-

tiff of drunkenness, idleness, vagrancy and worthlessness of character, and of having raised an idle, miserable and vagrant family, whereby the plaintiff has suffered great injury in his estate, in his business, and in his *art or occupation of dancing master.*"

It was proved by the plaintiff, *that* his business was that of a farmer, but that he occasionally kept a dancing school ; *that* he was keeping a dancing school at South Paris, when the defendant, at a public lyceum, in a neighboring village, (the question for discussion being the public amusements of the day,) argued against dancing, (in reply to an argument which had been offered in favor of dancing,) and, in illustration of his views, observed, that he had been credibly informed, that, "at a dancing party in South Paris, the dancing master invited all the ladies to dance with him, and they all refused, and that he was so drunk that he fell upon the floor."

The trial was before HOWARD, J., who directed a nonsuit. Plaintiff excepted.

*Codman,* to whose care the action was transferred, argued for plaintiff.

The words were actionable, The effect of them was to disgrace the plaintiff, to expose him to a criminal prosecution, and deprive him of his employment. Revised Statutes, chap. 160, sect. 36 ; *Chaddock* v. *Briggs,* 13 Mass. 248 ; *Smith & ux.* v. *Wyman,* 16 Maine, 14 ; *Usher* v. *Severance,* 20 Maine, 9.

The place and circumstances of the speaking, evinced malice, and aggravated the wrong. *Coffin* v. *Coffin,* 4 Mass. 1.

The law presumes damage.

*May,* for defendant.

HOWARD, J., orally. — The distinction between words in themselves actionable, and those not actionable, is well known. As to the plaintiff, separate from his employment, the words used by the defendant were not actionable. They imputed no crime, which could be visited with infamous punishment. A fine is all that could be imposed. But the plaintiff contends

that the words were actionable, because uttered against the plaintiff in relation to his employment. The principle contended for is correct, but we think it does not apply. The declaration does not charge that the words were spoken "of and concerning the plaintiff's business." No special damages were proved or alleged. The words were not actionable, either in themselves or by reference to the plaintiff's calling.

*Exceptions overruled.*