Wright, J.
The slander alleged in the petition consists in falsely charging plaintiff, a minister of the gospel, with drunkenness. It is also averred that the words were spoken of and concerning him in his ministerial profession and pastoral office. The demurrer admits all that is averred, and thus this question is raised: Are words which charge a minister of the gospel with drunkenness, when spoken of him in his profession or calling, actionable per se? We answer that they are. We understand the rule to be, that words spoken of a person, tending to injure him in his office, profession, or trade, are thus actionable. 1 Starkie on Slander, 9; Townshend on Libel and Slander, sec. 182; 2 Addison on Torts, 957 (sec. 2, chap. 17, ed. of 1876, of this book has a large collection of authorities on the subject); 1 Am. Lead. Cas. 102; Foulger v. Newcomb, L. R. 2 Exch. 327; Demarest v. Haring, 6 Cow. 76.
Calling a clergyman a drunkard was held actionable in McMillan v. Birch, 1 Binney, 176; Chaddock v. Briggs, 13 Mass. 251.
Such words are actionable because they tend to deprive him of the emoluments which pertain to his profession, and may prevent his obtaining employment. It is not, as counsel seem to suppose, that giving a clergyman this right of action is because his office is higher than that of his fellow men. It is a right which belongs to all who have professions or callings, and in this clergymen are not different from others.
*296 This principle is entirely different from that upon which proceeded the cases Holingsworth v. Shaw, 19 Ohio St. 430; Dial v. Holter, 6 Ohio St. 228; Alfele v. Wright, 17 Ohio St. 238. In all these, the words imputed a criminal offense, and did not relate to profession or calling.
Upon the trial of the case, it was insisted by defendant that the words were not spoken of the plaintiff in Iris character as a minister. The court fairly left this to the jury, and said if they were not so spoken, they would find for defendant. The jury find this issue for the plaintiff, and in the face of that finding it is impossible for us, sitting as a court of error, to say that they were not spoken of the plaintiff' in his character or capacity as a clergyman. If they were, as we have seen, they are actionable.
In the cases cited by defendant, Lumly v. Allday, 1 Tyrw. 217; Brayne v. Cooper, 5 M. & W. 249; Ayre v. Craven, 2 A. & E. 2; Buck v. Henly, 31 Me. 558; Redway v. Gray, 31 Vt. 292; Van Tapel v. Capron, 1 Denio, 250, it was held that the words spoken did not touch the plaintiffs in their various trades or employments. But to charge a minister with drunkenness does have such an effect. Congregations would not employ clergymen with intemperate habits, and the development of such a vice would be cause for speedy removal from office. ~\Vhen the question is reduced to a mere matter of dollars and cents, the purity, the integrity, the uprightness of a minister’s life is his capital iu this world’s business.
Against the objection made, plaintiff offered evidence of the wealth of the defendant, and in the charge the court said this evidence might be considered in connection with the question of exemplary damages. We see no error in the admission of the evidence, or the charge of the court upon the subject. That punitive or exemplary damages in a proper case may be given, is not an open question in Ohio. In Roberts v. Mason, 10 Ohio St. 277; Smith v. P., Ft. W. & C. R. R., 23 Ohio St. 10, the court allowed the jury to consider the wealth of defendant in connection with the question of punitive damages. If, then, punishment be an object *297 of a verdict, a small sum would not be felt by a defendant of large wealth. The vengeance of the law would scarcely be appreciated, and he could afford to pay and slander still. There are eases which put the admission of the evidence upon this ground. Alpin v. Morten, 21 Ohio St. 536, intimates that the reason is to enable th& jury to determine how much plaintiff has been injimed. This case collects the authorities on both sides of the question, to which might be added McBride v. Laughlin, 5 Watts, 375; Waggoner v. Richmond, Wright, 173; Sexton v. Todd, Wright, 320; 2 Greenl. Ev. 249; 1 Am. Lead. Cas. 199, note 6; Horsley v. Brooks, 20 Ia. 115; Buckley v. Knapp, 48 Mo. 153. We see no error in the admission of the evidence, or the charge of the court on the subject.
There are some other questions raised by counsel, to which we briefly allude :
The defendant asked the court to charge the jury: “If they find that the words spoken by the defendant of and concerning the plaintiff were untrue, and that the defendant has not reasonable cause to believe them to be true; yet, if they are satisfied from the evidence that the defendant did believe them to be true, such state of facts would not warrant a verdict for punitive#or exemplary damages, but for compensatory damages only.” With which request the court refused to comply, but, on the contrary, charged the jury that such was not the law, to which the defendant then and there excepted.
We do not understand the law of slander to be, that it is a defense that the slanderer believed his words to be true, when he had no grounds for so believing. Belief must have a foundation in something. Take away the foundation, and what can be left? The charge asked seems to us a solecism. Belief can only be claimed as a defense, or in mitigation, where it is based upon such facts or reasons as would incline a reasonable person so to believe. Inasmuch as this charge was asked in reference to exemplary damages, and there •was evidence tending to show that the words had been sp>oken under circumstances indicating *298 wantonness and recklessness, the charge was properly-refused.
It appears to be seriously argued that, in a minister of the gospel, a single act of intoxication is uo't a fault, and therefore a charge of that kind can not be injurious. We can hardly assent to this proposition. In a religious teacher one offense of the kind must be considered a grave departure from propriety and duty; and to say that the act has been committed is calculated to impair usefulness.
As to the question of excessive damages, the verdict was large; still we do not think defendant can complain, in view of all the circumstances of the case.,.

Judgment affirmed.

Scott, Chief Judge, Whitman, and Johnson, JJ., concurred.
Day, J., dissented as to the second proposition of syllabus.