Platto vs. Geilfuss.

*By the Court.* — The judgment of the court below is affirmed.[1]

## PLATTO VS. GEILFUSS.

LIBEL. *Words construed and held not actionable.*

P., a citizen of Milwaukee, agreed with a creditor in another city that the latter should draw on him for the amount due, through a Milwaukee bank. The draft was sent to such bank, and, without having presented it to the drawee, the cashier of the bank sent it back to the drawer with these written words: "We return unpaid draft [describing it]. He [the drawee] pays no attention to notices." In an action by P. against the cashier for libel, *Held,*

1. That these words (notwithstanding *innuendoes* in the complaint to enlarge their meaning) must be construed to mean merely that plaintiff paid no attention to notices given him *in regard to that draft.*

2. That, as plaintiff was only bound to accept and pay the draft *on presentation,* the words do not impute to him any want of integrity, and are not actionable *per se.*

APPEAL from the County Court of *Milwaukee* County.

Action for libel. The alleged libelous words, and the circumstances under which they were written, will appear from the opinion. The circuit court sustained a demurrer to the complaint as not stating a cause of action; and plaintiff appealed from the order.

The cause was submitted for the appellant on the brief of *J. V. V. Platto.*

For the respondent, there was a brief by *Jenkins, Elliott & Winkler,* and oral argument by *D. S. Wegg.*

COLE, J. By way of inducement, the complaint states that the plaintiff was an attorney practicing law in Milwaukee, having dealings with the firm of H. Campbell & Co., law

---

publishers in New York city; and that he had purchased of that firm books and publications to the amount of $11. It is stated that it had been agreed between the firm and the plaintiff that the firm should draw on him for that amount, through one of the banks in Milwaukee; and that the firm did draw, sending the draft to the Bank of Commerce in Milwaukee for presentation to and acceptance and payment by the plaintiff. It is then alleged that the bank received this draft, but did not notify the plaintiff of its receipt, nor present the same to him, and without his knowledge returned it as dishonored to the drawers. The defendant, the cashier of the bank, in returning the draft, wrote these sentences, which are complained of as libelous: "We return unpaid draft of *J. V. V. Platto* for $11. He pays no attention to notices."

Now the question arising on the demurrer is as to the character of this communication; in other words, can it be said to be defamatory or scandalous? On the part of the plaintiff it is claimed that it is. He insists that the language used necessarily imputes to the plaintiff unworthy motives and dishonest conduct, impeaching his business integrity, and tending to bring him into public hatred, contempt and ridicule. If such is the character and tendency of the communication, there can be no doubt but that it is libelous within the decisions of this court. See *Cramer v. Noonan*, 4 Wis., 231; *Brown v. Remington*, 7 id., 462; *Lansing v. Carpenter*, 9 id., 540; *Wilson v. Noonan*, 23 id., 105; *Cary v. Allen*, 39 id., 481; *Kimball v. Fernandez*, 41 id., 329; *Cottrill v. Cramer*, 43 id., 242. But we do not think the communication is of that character, or can possibly have any such mischievous consequences as are ascribed to it. In substance, the defendant writes: "We return unpaid the draft which you drew upon the plaintiff. He pays no attention to notices which we have sent to him about it." Now what disparaging or damaging imputation is conveyed in this language? None that we can perceive. The words do not impute a want of integrity or

honesty on the part of the plaintiff in his dealings and business transactions. They mean and naturally imply this and nothing more, that the plaintiff pays no attention to notices which the bank has sent to him that it holds an unaccepted draft drawn upon him.

The language does not fairly imply that the plaintiff refused to accept on presentation, and pay, a draft he had agreed or was under obligation to accept and pay. If this were the meaning of the communication, we should have to inquire whether it was libelous to write of a lawyer that he did not pay his debts, where no special damage was alleged. But no such meaning can be given this communication; for it is not said that the plaintiff does not pay his debts, or that he will not accept and pay, on presentation, a draft drawn upon him. But this is the charge, that the plaintiff pays no attention to notices sent him that the bank holds an unaccepted draft drawn upon him. If the bank held such a draft, its duty obviously was to present it for acceptance by the drawee, and not send notices about it; and all that the drawee was bound to do was to accept and pay the draft on presentation by a person entitled to receive the money upon it. But he was under no obligation to pay attention to notices sent him about it. And to write that a lawyer pays no attention to a notice which he is under no obligation in law or morals to regard, cannot, as we see, have any injurious tendency *prima facie*, and therefore is not libelous. With this construction of the matter written — and we think it will fairly bear no other interpretation,— we are compelled to hold that it is not actionable. There are innuendoes in the complaint which impute to the writing an entirely different meaning from the one we have given it; but, of course, its meaning cannot be enlarged by innuendo in this manner.

We therefore think the demurrer to the complaint was properly sustained.

*By the Court.* — Order of the county court affirmed.