LEVI M. STEWART *vs.* MINNESOTA TRIBUNE COMPANY and others.

January 29, 1889.

**Libel—Actionable Words—Proof of Injury and Damage.**—In order to maintain an action for libel, it must appear that the plaintiff has sustained some special loss or damage resulting from the publication complained of, or the charge itself must be such that the court can legally presume that the party has been injured in his reputation or business, or subjected to public scandal in consequence thereof.

**Same—Words held not Actionable.**—It is not libellous to publish of a professional man "that he has removed his office to his house to save expense."

Appeal by plaintiff, an attorney and counsellor at law, from an order of the district court for Hennepin county, *Lochren*, J., presiding, sustaining a demurrer to the complaint. The action was for libel, the words complained of being part of an article published in the newspaper of the defendant corporation, edited by the other defendants, and being as follows, (omitting the innuendoes:) "Elder Stewart has moved his office up to his house to save expense."

*F. F. Davis*, for appellant.

*Miller & Young*, for respondents.

VANDERBURGH, J. We are unable to say that the trial court erred in sustaining the demurrer to the complaint. It is not every false charge against an individual, though reduced to writing, and maliciously published, that will sustain an action for damages. It must appear that the plaintiff has sustained some special loss or damage following as the necessary or natural and proximate consequence of the publication, or the nature of the charge itself must be such that the court can legally presume that the party has been injured in his reputation or business, or in his social relations, or has been subjected to public scandal, scorn, or ridicule, in consequence of the publication. *Stone* v. *Cooper*, 2 Denio, 293, 299; Cooley, Torts, (2d Ed.) 241–243; Townsh. Sland. & Lib. 121; Pol. Torts, 207–211. Assuming that the charge was maliciously made, it did not import anything unlawful, disreputable, or unprofessional. A professional man has a perfect moral and legal right to change the location of his office to his house, in his discretion, for any reasons satisfactory to himself, whether to save expense or otherwise. What ground is there then for the legal inference that the plaintiff has been degraded and injured by the publication? It is not claimed that the charge as published would tend to injure him because the *change* or the report of a change of his office would diminish his professional business in amount or profits, and no case is made for special damages. 3 Bl. Comm. *124; *Terwilliger* v. *Wands*, 17 N. Y. 54, 60, (72 Am. Dec. 420, 428–433.)

But it is claimed that the words "to save expense" are, under the circumstances set forth in the complaint, susceptible of a defamatory meaning, such as would be calculated to injure plaintiff in his pri-

vate and professional character and standing in the community, and occasion loss or damage in consequence thereof. But we do not think such inference is warranted, or that the injury complained of could be reasonably construed or contemplated as the natural and proximate consequence of the publication, giving the language used its proper and legitimate interpretation; and the charge itself cannot be expanded or enlarged by simple averment. *Donaghue* v. *Gaffy*, 53 Conn. 43, 51, (2 Atl. Rep. 397;) *Platto* v. *Geilfuss*, 47 Wis. 491; *Homer* v. *Engelhardt*, 117 Mass. 539; *Stone* v. *Cooper, supra; Walker* v. *Tribune Co.*, 29 Fed. Rep. 827. The allusion to the plaintiff in the article complained of may be conceded to be impertinent, and in bad taste; but the law of libel, however salutary as a remedy in proper cases, cannot be invoked to redress every breach of good morals or good manners in newspaper publications respecting individuals. The case falls within the rule in *Stone* v. *Cooper*, and other cases above cited.

Order affirmed.