EDWARD F. SEERY *vs.* ALBERT VIALL.

A declaration in slander, without inducement or allegations of special damage, charged the defendant with having said of the plaintiff, "He has been drunk within forty eight hours."

*Held,* that the words were not actionable.

Words charging a disgraceful offence liable to punishment, whatever the form of criminal procedure may be, are in Rhode Island actionable *per se;* but the offence must be one recognized by the common law or by statute, and generally a disgraceful offence is one involving moral turpitude. Simple drunkenness satisfies none of these conditions.

*Kelley* v. *Flaherty, ante,* p. 234, explained.

EXCEPTIONS to the Court of Common Pleas.

*April* 27, 1889. STINESS, J. The defendant said to voters in the town of East Providence, concerning the plaintiff, who was a candidate for the office of town councilman, " You can't vote for such a man as Seery ; he has been drunk within forty eight hours." It also appeared that he had charged the plaintiff with drunkenness at other times and more in detail. Simple drunkenness is not an offence under the statutes of this State ; but the plaintiff offered in evidence an ordinance of the town of East Providence punishing by fine or imprisonment intoxication, amounting to violation of decency, in any public highway of the town. The declaration set out only the words spoken, without inducement relating to the ordinance, or details of statement which would tend to show that the accusation was within its terms, and also without allegation of special damage. At the conclusion of the evidence for the plaintiff, the court below granted a nonsuit, upon the ground that the words were not actionable *per se,* to which the plaintiff excepted. In *Buck* v. *Hersey,* 31 Me. 558, it was held that a charge of drunkenness is not of itself actionable, because the law did not inflict upon that offence an infamous punishment, but only a fine. But in the recent case of *Kelley* v. *Flaherty, ante,* p. 234, this court followed the broader rule that words are actionable *per se* when they charge a disgraceful offence liable to punishment, whatever the form of criminal procedure may be, and although the penalty be a fine. But even under this rule we think the nonsuit was properly ordered. Generally a disgraceful offence is one that involves moral turpi-

tude, but for the application of the rule there must at least be the charge of an offence at common law or by statute. See *O'Hanlon* v. *Myers*, 10 Rich. 128. The accusation alleged and proved in this case is not one that involves moral turpitude, nor does it constitute a common law or statutory offence. The plaintiff claims that, as the ordinance of the town punishes intoxication under certain circumstances, it becomes an offence thereby, the charge of which is actionable *per se*. We do not think this is so. The ordinance is simply a local police regulation. It may be different in different towns, and in some towns there may be no such ordinance at all. It is not, therefore, in our opinion, an offence within the meaning of the term as it is used in regard to words actionable *per se*. Moreover, this case does not by allegation or proof set forth a violation of the ordinance.

*Exceptions overruled.*

*Edward C. Dubois & George J. West*, for plaintiff.
*Ziba O. Slocum*, for defendant.