The opinion of the court was delivered by
Breaux, J.
The defendants were engaged in the business of col *1192 lecting and distributing information as to the credit and financial standing of men in business.
The plaintiffs conducted a retail grocery and commission business.
The suit is for an alleged libel committed, it is averred, by the defendants against plaintiffs. The important facts in deciding the issues are that it was published by a reporter of cases in the courts (in the daily court reports) that suit had been brought by H. Lochte & Co. vs. S. Giacona for one hundred and ninety-seven dollars and eighty-nine cents on an account.
Subsequently the same court report published that a judgment had been obtained by this plaintiff against S. Giacona.
Defendants, in their printed list of changes furnished to subscribers, published that plaintiffs (not S. Giacona as mentioned in the court report, but erroneously), S. Giacona & Son, had been sued.
In the copies of the city directory, introduced in evidence, there was only the firm of Giacona & Son, and no other firm of a similar name.
The defendants in error assumed that plaintiffs had been sued upon an open account, and so reported to their subscribers.
The credit of plaintiffs being that of men of limited means, it is contended by them was affected by the report; several merchants testified that they refused to credit the firm and gave for reason that a pending suit against one in business unexplained is nearly always attended with unfavorable effect to his credit.
Giacona & Son brought this suit for damages against the defendant a few weeks after the defendants had furnished the erroneous information to their subscribers.
The jury found a verdict for plaintiff in the sum of four hundred and ninty-nine dollars. Prom the verdict and judgment of the court the defendants prosecute this appeal.
In argument it was argued that there is no evidence that there existedjjany such firm as Giacona & Son, and that without such evidence plaintiffs could not maintain their action.
No plea was interposed and no objection made upon this point in thedower court save in the motion for new trial.
It is true that the existence of the partnership was not specially shown. But in the evidence the firm is frequently referred to as an existing partnership; its existence was not at any time questioned. Moreover, objection to the capacity of plaintiffs to stand in judg *1193 ment not raised in the pleadings will not be noticed. Adams & Co. vs. Coons et al., 37 An. 305.
There is nothing of record suggesting ill feeling on the part of the defendants, and, therefore, malice is entirely eliminated from consideration.
This brings us to the question of the error committed and its effect upon plaintiffs’ business.
It was the misfortune of plaintiffs that those with whom they had business relations were not careful in writing down their names.
In seven bills introduced in evidence their names are differently given. They were made oiit against S. Giacona & Son, G. Giaeano, and other similar names. In the petition, which gave rise to the impression that plaintiffs had been sued, the name of the defendant in the case was given as Giacona. The answer was written in the name of Giocchino. This answer was endorsed, however, by defendants’ attorney: Henry Lochte & Co. vs. S. Giacona.
Defendants’ clerks testify that they were informed at Lochte’s place of businessjthat the Giacona sued were Giacona & Son.
Despite all this, the defendants were not entirely free from all negligence.
By referring to the petition in the case, in question, the defendants’ agents would have obtained correct information as to who had been sued.
They are not justifiable, in view of this fact, in having made a report such as they made to their subscribers.
The similarity of names was sufficient to mislead an ordinary person, but defendants’ agents, presumably, are experts in the business and fully understand the importance of making correct reports, and of training themselves in securing information without injuring any one needlessly. Their office is, to assist commerce, and facilitate as well as promote business without injuring any one’s credit.
With reference to these companies, the rule is that publishing of a tradesman that he has been sued, if true, is not actionable; but if untrue, and is owing to negligence, it may give rise to an action.
There must, however, be actual injury shown.
In a case (in the State of Maryland) in which the present defendants were defendants, the court held that the alleged libel, similar to the libel, here contained nothing actionable per se; and that all proof of general damage to the business and credit of the plaintiff by the publication was properly excluded.
*1194 Here the record does not sustain any claim for general damages; there is no pr.of upon which to base a judgment for such damages. The amount of plaintiffs’ business is not shown with any certainty, and no attempt was made to prove the extent of damage to his business as a whole. If any damages are due they are special damages. Only compensatory damages can be allowed at all.
Another objection is interposed which is sustained by the fact that the plaintiffs never went to the defendants to complain. They did not seek to minimize any damages they allege that they have suffered. In a case such as here, one in regard to whom an untrue report is published should take seasonable steps to correct the error. It would have been reasonable to call on defendants for explanation and correction of the erroneous report. None the less, negligence on plaintiffs’ part after the injury by which it is aggravated will not bar them from recovering damages for so much of the' injury suffered prior to the negligence. And here we will state that under the proof made the damages must be limited in amount.
Immediately after the publication several merchants refused to credit the plaintiffs, but the amount of damages occasioned by this refusal is not clearly shown. It is evident that some damage was caused.
As relates to a few transactions it was attempted to trace the difficulties encountered to the publication of defendants’ lists. We have considered the whole testimony upon the subject, and fixed the damages in the amount stated in our decree.
It is therefore ordered, adjudged and decreed that the judgment and verdict appealed from be amended by reducing the amount of the judgment from four hundred and ninety-nine dollars to one hundred and fifty dollars and interest on the last stated amount in amount and date as fixed in the judgment of the District Oourt.
As amended the judgment appealed from is affirmed at appellee’s costs.