## N. S. SHERMAN MACH. CO. v. DUN *et al.*

### No. 667.   Opinion Filed March 21, 1911.

#### (114 Pac. 617.)

1.   **LIBEL AND SLANDER—Commercial Agency—Publication as to Credit.** The false publication by the defendant, a commercial agency, as to the plaintiff, who was engaged in business, in words, characters, and figures of the following: "v.—N. S. Sherman Machinery Co. (Not Inc.) F-4."—said words, characters, and figures being explained in such publication by an accompanying key as meaning, as to plaintiff's credit, "$10,000 to $20,000, limited," is not libelous **per se.**

2.   **LIBEL AND SLANDER—Pleading—Special Damages.** A publication not being libelous **per se,** an action cannot be maintained thereon, although same was false. without allegation and proof as to special injury or damage.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark, Judge.*

Action by the N. S. Sherman Machine Company against Mary B. Dun and others.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*E. G. McAdams* and *J. H. Grant,* for plaintiff in error.
*Shartel, Keaton & Wells,* for defendants in error.

WILLIAMS, J. This proceeding in error is to review the action of the lower court in rendering final judgment in favor of the defendants in error, hereinafter referred to as defendants, in an action for libel instituted by the plaintiff in error, hereinafter referred to as plaintiff.

The plaintiff was engaged in the business of selling and supplying machinery of all kinds and descriptions, including engines, boilers, brick machinery, cotton gins, sawmills, etc. The defendants conducted a commercial agency, and undertook to furnish to their subscribers, for a valuable consideration, ratings of merchants and others engaged in business, as to their financial standing, reliability, etc. It is alleged: That the defendants falsely and maliciously, in the conduct of such commercial agency, published and circulated, and caused to be published and circulated, in their said book of information or reports, of and concerning plaintiff's business, and its financial standing and credit, in reports sent to the agency's subscribers, a certain false and defamatory libel in words, characters, and figures as follows, to wit: "v.— N. S. Sherman Machinery Co. (Not Inc.) F—4." That said words, characters, and figures, when explained by the "key" to said book of information or reports issued and published by said defendants, meant as follows, to wit: "10,000 to $20,000, limited."

The question essential for determination is whether such publication was libelous *per se.* The alleged libel does not impute to the plaintiff any fraud, dishonesty, misconduct, or incapacity in the management of said business, or in connection therewith, or in any other relation of life. The fact that a man may be engaged in business and yet have a limited capital is neither an imputation against his business reputation, nor does it in any manner reasonably subject him to public scandal, scorn, or ridicule. This seems to be the test as to whether such publication is libelous *per se;* for when words are uttered falsely of a person in reference to his

profession or business, such as to hold him out to contempt or ridicule, thereby tending to bring him, or his business, into disrepute, such publication may be considered as libelous *per se*. *Pratt v. Pioneer-Press Company*, 35 Minn. 251, 28 N. W. 708; *Summer v. Utley*, 7 Conn. 257; *Simons v. Burnham*, 102 Mich. 189, 60 N. W. 476. The language complained of does not seem to have such effect. *Woodruff v. Bradstreet Co.*, 116 N. Y. 217, 22 N. E. 354, 5 L. R. A. 555; *Giacona v. Bradstreet Co.*, 48 La. Ann. 1191, 20 South. 706; *De Witt v. Scarlett et al.*, 77 Atl. (Md.) 271; *Geisler v. Brown*, 6 Neb. 254; *Denney v. Northwestern Credit Association*, 55 Wash. 331, 104 Pac. 769, 25 L. R. A. (N. S.) 1021; *Dun et al. v. Maier*, 82 Fed. 169, 26 C. C. A. 100.

As said publication was not libelous *per se* no action could be maintained thereon without an allegation and proof as to special damages. *Stewart v. Minnesota Tribune Company et al.*, 40 Minn. 101, 41 N. W. 457, 12 Am. St. Rep. 696; *Seery v. Viall*, 16 R. I. 517, 17 Atl. 552; *Reports Association of America v. Sun Printing & Publishing Association*, 186 N. Y. 437, 79 N. E. 710; *Jockin v. Brassler* 114 App. Div. 177, 99 N. Y. Supp. 586; *Cook v. Cook*, 100 Mass. 194, and other authorities cited above.

It follows that the judgment of the lower court must be affirmed.

All the Justices concur.