## McKENNEY v. CARPENTER *et al.*

No. 3479. Opinion Filed June 23, 1914.

(141 Pac. 779.)

1.  **LIBEL AND SLANDER**—Actionable Words—Question of Law. It is a question of law for the court to determine whether or not the article published is libelous per se.

2.  **SAME**—Petition—Allegation of Damages. When the article published is not libelous per se, the plaintiff must allege in his petition facts showing wherein he has sustained special damages.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*Stillwell H. Russell, Judge.*

Action by G. H. McKenney against Arch Carpenter and thirty-four others. Judgment sustaining demurrer to petition, and plaintiff brings error. Affirmed.

*Mason & Rogers,* for plaintiff in error.

*W. R. Bleakmore,* for defendants in error.

Opinion by RITTENHOUSE, C. This is an action brought in the district court of Carter county, Okla., by G. H. McKenney, plaintiff in error, against Arch Carpenter and thirty-four others, defendants in error, for damages, caused by the publication in the Daily Ardmoreite, in its Sunday issue of March 19, 1911, of a certain petition, asking for the removal of the plaintiff in error as meat and food inspector of the city of Ardmore, and stating in said petition that:

"Believing in the principles taught by the immortal Jefferson, that of equal rights to all and special privileges to none, and that the majority should rule, we the undersigned business men hereby offer this petition to the honorable mayor and board of commissioners of the city of Ardmore as our side of the case of the pure food inspector for the city of Ardmore. We want to state again that we want to be fair; that we have always contended that the present incumbent is not a satisfactory person to hold this position, as his business dealings and principles have been such that they are far from satisfactory to an honest and fair-minded business man who believes in a square deal. But, if it is a fact, as the mayor is said to have stated, that no other man could be found here to take the place, and he must import a man, let him import one that is a man in every sense of the word; a man who will give us a square deal in his work as pure food inspector and also in his business dealings. We want only what is right and have no suggestions to make in regard to the man that shall be given his place; we have no choice as to who shall have this appointment, but we do ask that the present officer be dismissed and that the man who secures this place be a man."

The action was filed on June 24, 1911, alleging:

"That heretofore and upon the 19th day of March, A. D. 1911, the defendants and each of them, having theretofore subscribed their names to a certain instrument, which said instrument is hereby specially pleaded and made a part of this com-

plaint, a printed copy of which is hereto attached as 'Exhibit A' to this complaint, caused such instrument to be published in the Daily Ardmoreite in its Sunday issue thereof, on Sunday, March 19, 1911, said Daily Ardmoreite being a paper of wide circulation and going into all parts of the state of Oklahoma, and perhaps many other states, and especially within the city of Ardmore, Okla., where this plaintiff resided and where he was engaged in the practice of his profession and the duties devolving upon him as city meat and food inspector; and said defendants and each of them by their signatures to said instrument, and by causing said article to be published in said paper of general circulation, did willfully and maliciously utter and cause to be published and circulated concerning this plaintiff the slanderous, false, malicious, scandalous, and defamatory words and statements as set forth in Exhibit A as above pleaded; that said words and statements as aforesaid, so maliciously and slanderously caused to be uttered and published concerning the plaintiff by said defendants, tended to blacken and injure the honesty, integrity, morality, and reputation of said plaintiff, and did thereby expose him to public contempt and ridicule and to injure and damage the reputation of the said plaintiff."

"Plaintiff further states that the common acceptance of said words so published and uttered by the defendants were slanderous and libelous, and that said words and statements so published and uttered by the defendants were and are utterly false, malicious, and slanderous."

"Plaintiff states that by reason of the acts of the defendants aforesaid in and about the uttering and publishing of the said false, malicious, and slanderous words and statements as aforesaid, the plaintiff was and is greatly and permanently injured and damaged in his good name and reputation, and was and is exposed to public contempt, hatred, and ridicule, and has been caused to resign his position with the said city of Ardmore, and has been damaged in his business and reputation in the amount of $10,000."

There is no attempt in this petition to set forth which of the several expressions contained in the article published are libelous. We have carefully examined the expressions separately, and collectively, and, giving to them their most natural and obvious meaning, we cannot construe them to be libelous *per se*. It is true that the defendants expressed their dissatisfaction as to the services of the plaintiff as meat and food in-

spector of the city of Ardmore, and suggested to the mayor of said city that they wanted a man appointed who possessed certain qualifications.  It may be that the several expressions as contained in this article have a latent and injurious meaning when applied to the plaintiff, and, if so, he should have specifically alleged that said article by innuendo bears a libelous meaning when applied to him; this was not done, and we cannot say that the plaintiff has properly alleged wherein he was exposed to public hatred, contempt, ridicule, or obloquy, or deprived of public confidence, or injured in his reputation.  This article not being libelous *per se,* and the petition not alleging a special damage, the same does not state facts sufficient to constitute a cause of action for damages on the ground of libel.

The demurrer was therefore properly sustained by the trial court, as it is always a question for the court to determine as a matter of law whether or not the article was libelous *per se.* *Hunt v. Bennett,* 19 N. Y. 173; *Pittock v. O'Neill,* 63 Pa. 253, 3 Am. Rep. 544; *Woodruff v. Bradstreet,* 116 N. Y. 217, 22 N. E. 354, 5 L. R. A. 555; *Stewart v. Minnesota Tribune Co.,* 40 Minn. 101, 41 N. W. 457, 12 Am. St. Rep. 696; *Bodine v. Times Journal Pub. Co.,* 26 Okla. 135, 110 Pac. 1096, 31 L. R A. (N. S.) 147; Newell on Slander & Libel (2d Ed.) sec 49.

It is not every written charge against an individual that will sustain a suit for damages, and, where the article itself is not libelous *per se,* there must be an allegation of special damages, before a recovery can be had.  The plaintiff has not attempted to support this action by any allegation of a special damage, but relies solely upon an allegation of general damages.  It is apparent, from an examination of the petition, that there is a total failure to show that the plaintiff has suffered special damages following as the necessary, natural, and proximate consequence of the publication complained of.  It is insufficient to allege generally that the plaintiff "was and is greatly and permanently injured and damaged in his good name and reputation and was and is exposed to public contempt, hatred, and ridicule and has been caused to resign his position with the said city of Ardmore and has been damaged in his business and

reputation in the amount of $10,000," without showing by proper averment how the special damages were occasioned. *Sherman Machine Co. v. Dun,* 28 Okla. 447, 114 Pac. 617; *Geisler v. Brown,* 6 Neb. 254; *Reporters' Association of America v. Sun Printing & Pub. Ass'n,* 186 N. Y. 437, 79 N. E. 710; *Woodruff v. Bradstreet Co.,* 116 N. Y. 217, 22 N. E. 354, 5 L. R. A. 555; *Betsy Cook v. Miranda Cook,* 100 Mass. 194; *Stewart v. Minnesota Tribune Co.,* 40 Minn. 101, 41 N. W. 457, 12 Am. St. Rep. 696; Newell on Slander & Libel, sec. 49 *et seq.*

This cause should therefore be affirmed.

By the Court: It is so ordered.