### DIMMITT v. McDOWELL.

No. 6288—Opinion Filed July 25, 1916.
(159 Pac. 290.)

**Libel and Slander—Construction of Words Used—Actionable Words.**

Words used in an alleged libelous article are to be taken in their most natural and obvious sense, and when they are clear and unambiguous and expose a person to public hatred, contempt, ridicule, or obloquy, or tend to deprive a person of public confidence, or injure him in his occupation, the article is libelous per se.

(Syllabus by Rittenhouse, C.)

Error from District Court, Blaine County; James R. Tolbert, Judge.

Action by Mrs. J. C. Dimmitt against C. S. McDowell. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. L. Emery, R. C. Brown, and Seymour Foose. for plaintiff in error.

Wm. O. Woolman, for defendant in error.

Opinion by RITTENHOUSE, C. This action was brought to recover damages in the sum of $5,000, caused by an alleged false, malicious, libelous, and unprivileged publication in the Canadian Valley Record, a weekly newspaper published by the defendant, C. S. McDowell, who was editor, owner, and publisher of such publication. The article complained of is as follows:

"Robt. Hollis while threshing for the Haigler brothers had the misfortune to lose $22 worth of groceries. Mrs. Dimmitt was doing the cooking and she prepared supper and put it on the table; she had to go home that evening so when the machine whistled she got in her buggy and started for home. And while the men were coming from the machine to the cook shack the groceries came up missing."

A demurrer was filed to the petition on two grounds: (1) That the petition did not state facts sufficient to constitute a cause of action; and (2) that the article set forth in plaintiff's petition declared upon is not libelous and is insufficient in law to warrant a recovery. This demurrer was sustained by the court.

It is argued that the article was not libelous per se, and, as no special damages were asked, that the petition did not state facts sufficient to constitute a cause of action, and in support thereof McKenney v. Carpenter, 42 Okla. 410, 141 Pac. 779, is cited. If the article is not libelous per se, then the authority relied on is controlling. The question here to be determined is whether the language used in the article under consideration and which is claimed to be libelous per se under section 2338, Comp. Laws 1909, is clear and unambiguous; and, if so, did it expose Mrs. Dimmitt to public hatred, contempt, ridicule, and obloquy, or tend to deprive her of public confidence, or to injure her in her occupation? It is a general rule, often announced in this state, that words used in an article claimed to be libelous must be given their natural and obvious meaning. Spencer v. Minnick, 41 Okla. 613, 139 Pac. 130; Hubbard v. Cowling, 36 Okla. 603, 129 Pac. 714. Now, what is the natural and obvious meaning of an article which states that a certain party was cooking for a threshing outfit; that after she had prepared supper, she had to go home; that while the men were coming from the machine to the cook shack certain groceries came up missing? To our mind, the meaning and effect of this article is clear. It charges that Mrs. Dimmitt prepared supper, put it on the table, and that when the men started to the cook shack, she got in her buggy and took the groceries with her. It is true that the article is so written that it could be argued that Mrs. Dimmitt is not charged with theft; but no reasonable construction could be used other than that she was charged with that crime. The insinuation of theft is strong, and the natural and obvious meaning of the article to those who might read it is that Mrs. Dimmitt committed the crime of theft. It necessarily follows that the article is libelous per se, and the petition states a cause of action.

The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.