## NUNNERY v. BAILEY et al.

No. 8149—Opinion Filed June 12, 1917.

(166 Pac. 82.)

**1. Libel and Slander—Actionable Words—Injury to Profession or Calling.**

Publishing the fact that charges against a minister of the gospel (with no intimation of their import) were read and by unanimous vote sustained at a church conference, and that such church had withdrawn fellowship from him, is not libelous per se.

**2. Same—Petition—Special Damages.**

In an action in damages for libel the publication declared on is not libelous per se. A petition failing to allege special damage is fatally defective.

(Syllabus by Bleakmore, C.)

Thacker, J., dissenting.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by A. Nunnery against J. W. Bailey and others. Judgment for defendants, and plaintiff brings error. Affirmed.

S. B. Garrett and Wilkins B. Garrett, for plaintiff in error.

B. L. Tisinger and B. F. Van Dyke, for defendants in error.

Opinion by BLEAKMORE, C. The parties appear here as in the trial court. Plaintiff sought recovery of damages for libel based on the publication of the minutes of a conference of the Granite Baptist Church alleged to have been made pursuant to a conspiracy on the part of defendants to injure him. After portions thereof were stricken on motion of defendants, demurrer to his petition was sustained, and plaintiff has appealed.

While plaintiff assigns as error the act of the court in striking certain allegations from the petition, he does not urge same in his brief as a ground for reversal, and therefore such assignment may properly be disregarded.

By the petition it is alleged, in substance, that plaintiff, an ordained minister of the Baptist Church, had resided in Greer county for eight years, during which time he was actively engaged in the work of his calling; that defendants were members of the Gran-

ite Baptist Church, a society founded and organized according to the customs and practices of denominations of the same belief; that such church had no written rule or precedent for its regulation recognized by it or any ecclesiastical body over it, but was a sovereign religious organization; that plaintiff was pastor of the Lake Creek Baptist Church in Greer county and of the Baptist Church at the town of Duke, in Jackson county, and was editor of a certain Baptist publication; that he was and had been holding protracted meetings and performing marriage ceremonies, for all of which services he received sums aggregating an annual income of $2,000; that on October 7, 1914, plaintiff, then also a member of said Granite Baptist Church, in fellowship with its members and in harmony with its doctrine, was by vote of the membership thereof assembled into conference granted a letter of dismission, thus severing his connection with said church and conferring upon him the right to unite with and be received as a member of any other Baptist church of like faith, which letter, according to established usage, after adjournment of the conference, should have been issued, signed by the clerk and moderator, and forwarded to plaintiff or to the church of which he might later become a member; that by virtue of the act of such conference said Granite Baptist Church lost all jurisdiction over him and his membership and relation to the Baptist Church, and exclusive jurisdiction thereof was lodged in the church later receiving him into fellowship; that the letter of dismission. so granted by said conference was not issued, signed, and forwarded, in accordance with the church rule, but that on October 21, 1914, pursuant to the recognized custom of Baptist churches and in reliance upon the action of said conference, plaintiff joined and was received into full membership by the Lake Creek Baptist Church, of which he was the pastor; that defendants, with full knowledge of the facts, actuated by a malicious design to injure plaintiff, conspired to call a conference of the Granite Baptist Church, and in such conference pass or cause to be passed a fraudulent, slanderous, and libelous order, as the order and act of the said Granite Baptist Church, and write and cause to be written on the minutes of said Granite Church a false, fraudulent, slanderous, and libelous writing, and publish and cause to be published the same, the said fraudulent, slanderous, and libelous writing to be of the purport and import that plaintiff had been guilty of conduct unbecoming a minister, and that he had been regularly charged with the same before said Granite Baptist Church and found guilty thereof, and

turned out of said church, and deprived or membership therein, and the fellowship of said church withdrawn from him, and that in furtherance of said conspiracy, and in furtherance of the malicious intent of defendants to wrong, injure, and damage the plaintiff, the defendants caused a conference, or what purported to be a conference, of the said Granite Baptist Church, to be opened on the 4th day of November, 1914, with the defendant J. W. Bailey purporting to act as moderator, and the defendant Hattie Williams purporting to act as clerk; that there were other members of said Granite Baptist Church who were not in said conspiracy entered into by the defendants and were ignorant of the same, and the said conspirators kept the said conspiracy and the objects and purposes thereof a secret, and concealed from the said other members of said Granite Church who were not parties thereto, and that on said last-named date the said conspirators, the said defendants herein, caused the following false, fraudulent, slanderous, and libelous statement in writing to be made and entered and published as minutes of said Granite Baptist Church, the same plaintiff alleges as being false, fraudulent, slanderous, and libelous as to plaintiff, and as the same refers to and was intended by defendants to affect the plaintiff, to wit:

Nov. 4, 1914. Devotional exercises. Minutes of Oct. 7 read. A motion carried to rescind the act of this meeting. Brother Burnett read the charges against Brother Nunnery. A motion to sustain charges as read voted unanimous. Motion and second that the church withdraw fellowship from Brother Nunnery. Vote was unanimous. The clerk tendered her resignation as she was going away. Motion and second that sister Georgia Austin act as clerk pro tem until the clerk returned. A motion for the same committee to see the sisters. A motion and second also for the committee to see Brother George W. Anderson. A motion and second for the church to call a pastor tonight. Brother J. E. Kirk was unanimously elected. The church invited Brother Bailey to make a Sunday School talk, instead of having church next Sunday. No further business, conference adjourned.

"Brother J. W. Bailey, Moderator.

"Hettie Williams, Clerk."

Where the language employed in an alleged defamatory publication is plain and unambiguous, it is the duty of the court to determine whether same is libelous per se. C, R. I. & P. Ry. Co. v. Medley, 55 Okla. 145, 155 Pac. 211, L. R. A. 1916D, 587; McKenney v. Carpenter, 42 Okla. 410, 141 Pac. 779; Spencer v. Minnick, 41 Okla. 613, 139 Pac. 130; Bodine v. Times-Journal Pub. Co., 26

Okla. 135, 110 Pac. 1096, 31 L. R. A. (N. S.) 147.

The trial court decided that the words used in the instant publication were not in themselves libelous; and plaintiff's challenge of this holding presents for review the principal question in the case.

Plaintiff alleges that he has been actually damaged by the foregoing wrongful acts of the defendants in his good name, good fame, reputation, and professional standing as a minister "in a large sum of money"; that he has been actually damaged thereby in the loss of his good reputation, and thereby his ability to secure calls to large church congregations as pastor, and consequently the loss of salaries for preaching as pastor and in holding protracted meetings in the sum of $10,000; that his influence as an editor has been impaired, and he has thereby been damaged in the sum of $5,000; that by reason of the malice of the defendants against the plaintiff in the formation and the carrying out of said conspiracy the plaintiff is entitled to recover of the defendants the sum of $20,000 as exemplary damages.

Publishing the fact that charges against plaintiff (with no intimation of their import) were read, and by unanimous vote sustained, at a church conference, and that such church, regardless of the fact of his membership therein, had for no given cause withdrawn fellowship from him, did not, in our opinion, touch him in his profession, or necessarily tend to impair confidence in his integrity, character, or professional ability, and we cannot legally conclude that the natural or probable consequences of the publication of the words used, when given their popular and obvious meaning, would be to deprive him of public confidence as a man, minister, or editor, or to injure him in his occupation. Therefore, if actionable at all, such publication is not libelous per se.

In Newell on Slander and Libel (3d Ed.) sec. 197, it is stated:

"Words touching a clergyman in his profession are actionable per se. Words are often actionable when spoken of a clergyman which would not be so if spoken of others. But it does not follow that all words which tend to bring a clergyman into disrepute or which merely impute that he has done something wrong are actionable without proof of special damage. The reason always assigned for this distinction between clergymen and others is that the charge, if true, would be ground of degradation or deprivation. The imputation therefore must be such as, if true, would tend to prove him unfit to continue his calling, and therefore tend more or less directly to proceedings by the proper authorities to silence him."

Plaintiff failed to allege special damage, an essential averment in all cases wherein the publication declared on is not libelous per se; and in this respect the petition is fatally defective. N. S. Sherman Machine Co. v. Dunn, 28 Okla. 447, 114 Pac. 617; McKenney v. Carpenter, supra; Hall v. Taylor, 59 Okla. 207, 158 Pac. 373.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

THACKER, J., dissents.