## THOMAS v. McSHAN.

No. 13380—Opinion Filed April 29, 1924.

1. Libel and Slander — Special Damages — Necessity.

Recovery cannot be had by plaintiff in a suit for libel where no special damages are alleged or proved unless the communication complained of is libelous per se.

2. Same—Meaning of Words — Shortage of Public Official.

The words "He was short $5,500," referring to a former public official, are not clearly defamatory on their face, but are reasonably susceptible of a defamatory as well as an innocent one.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Hughes County; Hal Johnson, Assigned Judge.

Action by Lloyd Thomas against George W. McShan. Judgment for defendant, and plaintiff appeals. Affirmed.

Chas. L. Orr and Diamond & Orr, for plaintiff in error.

Crump & Skinner, G. Arthur Holloway, Tom Anglin, and W. C. Hall, for defendant in error.

Opinion by RAY, C. This appeal is by the plaintiffs from an adverse judgment in a suit for libel. The publication was during a political campaign in which the plaintiff, who had formerly been city treasurer of the city of Holdenville, was a candidate for county treasurer. The letter complained of was written by the defendant to one of the plaintiff's opponents who, with defendant's consent, published and circulated it throughout the county. In ruling upon a demurrer to the petition and an objection to the introduction of evidence on the part of the plaintiff, and throughout the trial, the court held that the publication was libelous per se, but in the instructions the question as to whether the words used were libelous was submitted to the jury. That was a question of law for the court to determine, and, if the publication was libelous per se, it was the court's duty to so instruct the jury by proper instructions. McKinney v. Carpenter, 42 Okla. 410, 141 Pac. 779; Kee v. Armstrong Byrd Co., 75 Okla. 84, 182 Pac. 494; Phoenix Printing Co. v. Robertson, 80 Okla. 191, 195 Pac. 486. If the publication was not libelous per se the plaintiff was not entitled to recover as, no special damages were alleged. Sherman Machine Co. v. Dun, 28 Okla. 447, 114 Pac. 617; McKinney v. Carpenter, supra.

Following is the publication complained of:

"G. W. McShan & Co., Dealers in Hardware Furniture, Coffins, Saddlery, Implements, Lumber, Building Material.
"Capital $50,000.00
"Established 1895
"Holdenville, Okla., July 24, 1914

"J. F. Busy,
"Wetumka, Okla.

"Dear Sir.—As there seems to be some misunderstanding in regard to the amount of money Lloyd Thomas still owes the city of Holdenville by reason of being short when his term of office expired, I wish to state the folowing facts:

"He was short $5,500.00. He gave a real estate mortgage to cover this about 1907. He paid the interest for 1908 and 1909. He paid on the principal $751.55. He has paid nothing since December 22, 1909.

"He still owes on the principal____$4,748.45
"He still owes 4½ years interest__ 1,135.00
                                    ─────────
"Amount now due the city_____$5,883.45

"These figures may be verified by an examination of the papers in the office of W. R. Scott, Commissioner of Finance.

"(Signed)  G. W. McShan,
        "Ex-Member City Council."

The question is, Was the communication libelous per se? In the case of Kee v. Armstrong Byrd Co., supra, this court said:

"It has been well said that words charged to be libelous fall into one of three classes. First, those that cannot possibly bear a defamatory meaning; second, those that are reasonably susceptible of a defamatory meaning as well as an innocent one; third, those that are clearly defamatory on their face."

It was there held, upon the authorities cited, and again in Phoenix Printing Co. v. Robertson, supra, that the third class, that is, those that are clearly defamatory on their face, are libelous per se as distinguished from those falling in the other two classes. It was also held in those cases, following a long line of decisions of this court, that in determining the classification of a publication the words used in the article or communication are to be construed by their most natural and obvious meaning, and in the sense that would be understood by those to whom it was addressed.

"The general rule is that a publication which charges a public official with neglect of official duty or incompetency in his office or malfeasance in office, is libelous per se." Oklahoma Pub. Co. v. Kendall, 96 Okla. 194, 221 Pac. 762.

It is contended that by the use of the word "short" in the sentence, "He was short $5,500.00," in referring to the condition of the account at the expiration of his term of office, it could only be understood by those to whom it was addressed that he had either embezzled the funds in his trust, misappropriated the same, or inefficiently conducted the affairs of his office and confused his records.

It is the duty of the court to determine whether the language used in the publication can fairly or reasonably be construed to have the meaning imputed to it. Kee v. Armstrong, Byrd & Co., 75 Okla. 84, 182 Pac. 494. The words used are to be construed by their most natural and obvious meaning and in the sense that would be understood by those to whom the communication was addressed. Kee v. Armstrong, supra; Phoenix Printing Co. v. Robertson, 80 Okla. 191, 195 Pac. 486.

It appears from the face of the communication that it was written for the purpose of correcting a misunderstanding in the community as to the amount which the plaintiff owed the city of Holdenville and not for the purpose of making the charge that he owed the city of Holdenville. True, it is implied or assumed in the first sentence that the indebtedness existed by reason of the plaintiff being short in his accounts when his term of office expired. Then follows the words, "He was short $5,500.00," followed by a statement that plaintiff settled by giving a real estate mortgage, the amount of interest and principal paid, the amount still due the city, with a statement that his figures could be verified by an examination of the papers in the office of the commissioner of finance. It appears on its face to have been written for the primary purpose of showing the correct amount the plaintiff owed the city of Holdenville to correct a misunderstanding in the community as to the amount of such indebtedness, and not for the purpose of charging the plaintiff with negligence, incompetency, or malfeasance while in office. Such appearing to have been the intention, the communication was not libelous per se unless libel may be predicated upon the words, "He was short $5,500.00." This sentence, taken in connection with the other words used, that is, taking the communication as an entirety, appears to have been used for the purpose of stating the total amount of the indebtedness and not for the purpose of imputing to the plaintiff negligence, incompetency, or malfeasance while in office unless it be held that the word "short" as used in that connection gives to the sentence such meaning.

We know of but two adjudicated cases

where the word "short," as used in this connection, has been before the courts. Whitley v. Newman, 9 Ga. App. 89, and Grand Union Tea Co. v. Lord, 231 Fed. 390. Whitley v. Newman was for slander in the use of the words, "Mr. Whitley is short with us" (meaning Morris & Co.). The court said:

"The statement that one is 'short' in his accounts does not necessarily impute to him the crime of larceny after trust, where, according to the true meaning of the statement and the language accompanying it, the offense would not be complete unless there had been a refusal to pay for or deliver the property which it might be inferred had been appropriated. The word 'short' does not of itself imply a crime. It is a term of common use, in the stock and produce markets. To say that one is 'short,' in the vernacular of the exchanges, implies only that one has less of a commodity than may be necessary to meet demands and obligations. It does not imply that the commodity can not or will not be supplied upon demand."

Grand Union Tea Co. v. Lord, supra, was for slander. The alleged slanderous words spoken of concerning Lord were, "His stock is short and his cash." The trial court gave the following instruction:

"The court instructs the jury that if they believe from the evidence that the defendant's manager spoke of the plaintiff in the defamatory words charged in the declaration under the circumstances stated in the defendant's plea of justification, and that such words were false, then a recovery may be had."

In commenting on that instruction the court said:

"By thus characterizing the words spoken as 'defamatory,' the court in effect held that they necessarily imputed the commission of a criminal offense, and were therefore actionable per se. We are unable to sustain this instruction. It seems to us by no means certain that the language of Van Allen implied the commission of a crime, or were so understood by Moneure. The circumstances attending the utterance were such that Moncure might have inferred that no more was meant than a discovered variance between the amount of stock on hand and the amount that ought to be on hand according to the books. In other words, the shortage mentioned might have been understood to be merely a discrepancy, resulting from carelessness or unintentional error, which called upon Lord for explanation. It was therefore a question for the jury to determine whether the language used was an accusation of crime or the imputation of conduct which amounted only to irregularity or negligence."

A public official may be short in his accounts without being guilty of any crime,

neglect of official duty, incompetency, or malfeasance in office. It might be caused by some act of an employe for whose act he would be responsible, but in such circumstances as could not impute to him negligence or incompetency. It might occur, as in fact it did in this case, by the failure of the depository bank in which plaintiff had deposited the money belonging to the city and without any fault on plaintiff's part. The words complained of are not clearly defamatory on their face but belong to that classification reasonably susceptible of a defamatory meaning as well as an innocent one. If special damage had been alleged, and evidence adduced in support of such allegation, a case would have been presented for the jury, under proper instructions, to say whether or not the words used were defamatory; but the suit was commenced, tried, and presented here upon the theory that the language complained of was libelous per se. Having reached a contrary conclusion, we think the judgment should be affirmed.

By the Court: It is so ordered.