### TULSA TRIBUNE CO. v. DIXON.

No. 21954. Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 3, 1933.

Stuart, Doerner & Hamilton and C. A. Coakley, for plaintiff in error.

J. M. Springer and S. A. Horton, for defendant in error.

HEFNER, J. This is an action brought in the district court of Payne county by C. D. Dixon against the Tulsa Tribune Company, a domestic corporation, to recover damages because of an alleged libelous article published by defendant on October 3, 1929.

Defendant is engaged in publishing a newspaper in the city of Tulsa, Tulsa county, Okla. The edition containing the alleged libelous article was circulated in Payne county, where the action was brought. Trial was to a jury, and resulted in a verdict and judgment in favor of plaintiff for the sum of $3,150. Defendant has appealed, and contends that, among other things, the district court of Payne county was without jurisdiction to hear and determine the cause.

In this connection it is urged that defendant's business was conducted in Tulsa county, and that none of its officers resided in Payne county, or could be served with summons in that county. It is conceded that the alleged libelous article was circulated in Payne county, and that at least a portion of plaintiff's cause of action arose in that county. Under section 202, C. O. S. 1921 [ O. S. 1931, sec. 112] as construed by this court in State ex rel. Oklahoma Press Pub. Co. v. District Court of Cherokee County, 129 Okla. 210, 264 P. 154, and Oklahoma Pub. Co. v. Kendall, 96 Okla. 194, 221 P. 762, the district court of Payne county had jurisdiction.

Defendant, however, contends that this section is unconstitutional in that it violates the Fourteenth Amendment to the Constitution of the United States. This contention has been decided against defendant by this court in the case of Owens v. Clark, 154 Okla. 108, 6 P.(2d) 755, and disposes of the question of jurisdiction. It is there said:

"Section 202 of Comp. Stat. 1921, allowing the suit to be brought against domestic corporation in any county in which it is domiciled or situated or has its principal office or place of business, or in which any of its principal officers may reside or be summoned, or in the county where the cause of action or some part thereof arose, is not repugnant to or in violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States."

At the conclusion of the evidence, defendant requested the court to direct a verdict in its favor. The motion was by the court denied, and this ruling is also assigned as error. In this connection it is urged by defendant that the article complained of is not libelous per se, and that plaintiff has failed to prove any actual or special damages, and that for this reason its motion for a directed verdict should have been sustained.

There was no attempt made by plaintiff to prove special damages. The case was tried by him throughout on the theory that the article was libelous per se, and that it was not necessary, in order to sustain recovery, for him to prove special damages. We have examined the publication, and, in our opinion, it is not libelous per se. Plaintiff attempts to show that it was libelous by pleading that the article meant to charge him as being partial and corrupt in the performance of his duties as referee; that he was crazy and not a gentleman. We do not agree that the article, on its face, so charges. It simply criticizes the manner in which he refereed the bout and questions his ability and competency as a referee. It does not charge him with dishonesty or corruption, nor with being an insane person. The question of whether an article is libelous upon its face must be determined from the four corners of the article, stripped of all innuendo and explanatory matter.

In the case of Wimmer v. Oklahoma Pub. Co., 151 Okla. 123, 1 P.(2d) 671, the following rule is announced:

"In determining whether an article is libelous per se, the article alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. The article must be defamatory on its face 'within the four corners thereof'."

To the same effect are Oklahoma Pub. Co. v. Gray, 138 Okla. 71, 280 P. 419; Wiley v. Oklahoma Press Pub. Co., 106 Okla. 52, 233 P. 224; Fite v. Okla. Pub. Co., 146 Okla. 150, 293 P. 1073. Under these authorities the article complained of is not libelous per se. It was, therefore, necessary for plaintiff to prove special damages in order to sustain a recovery. Oklahoma Pub. Co. v. Gray, supra; Thomas v. McShan, 99 Okla. 88, 225 P. 713; McKenney v. Carpenter, 42 Okla. 410, 141 P. 779; Mathews v. Oklahoma Pub. Co., 103 Okla. 40, 219 P. 947.

Plaintiff having failed to prove special damages, defendant's motion for a directed verdict should have been sustained. The judgment is reversed, and cause remanded, with directions to enter judgment in favor of defendant.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (3) 17 R. C. L. 264, 311, 391; R. C. L. Perm. Supp. pp. 4235, 4243, 4273; R. C. L. Pocket Part, title "Libel and Slander," §§ 4, 143.